UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID L. KIRBY, III,

                              Plaintiff,                      5:25-cv-362
                                                                                    (ECC/DJS)

v.

KATELYN BUEKERS,

                              Defendant.

---

**Appearances:**

David L. Kirby, III, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Pro se Plaintiff David Kirby filed this civil rights action alleging violations of his right to due process under the Fourteenth Amendment and sought leave to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 3. This matter was referred to Magistrate Judge Daniel J. Stewart who, on April 25, 2025, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending that Plaintiff's Complaint be dismissed with prejudice. Dkt. Nos. 6, 7. Plaintiff filed objections to the Report-Recommendation. Dkt. No. 8.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.    STANDARD OF REVIEW**

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*,

2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted).  Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 6-cv-13320, 2011 WL 3809920 at *2 (Aug. 25, 2011) (citation omitted).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

### III.   DISCUSSION

Plaintiff's Complaint alleges that Defendant Buekers prosecuted Plaintiff in a state-court criminal action and "used gross coercion video footage of self-incrimination" against Plaintiff at trial to convict him, in violation of his constitutional rights. Dkt. No. 1 at 4.  In his Report-Recommendation, Magistrate Judge Stewart noted that the doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages in a § 1983 lawsuit.  Dkt. No. 7 at 4 (quoting *Anilao v. Spota*, 27 F.4th 855, 863 (2d Cir. 2022)).  He further noted that this immunity "'attaches to prosecutorial functions that are intimately associated with initiating or presenting the State's case.'"  *Id.* (quoting *Harris v. Tioga Cnty.*, 663 F. Supp. 3d 212, 239 (N.D.N.Y. 2023)) (quotation omitted).  Here, recognizing that Plaintiff's allegations "relate directly to Defendant's actions in prosecuting a criminal matter against Plaintiff," Magistrate Judge Stewart recommended that the Complaint be dismissed on the basis of absolute immunity. *Id.* at 5.

Plaintiff objects to Magistrate Judge Stewart's recommendation because Defendant "knew using gross-coercion self-incrimination [sic] to get a[] conviction would lead to violating [his] rights." Dkt. No. 8. Plaintiff refers to a week-old injury that he appears to have been on medication for, presumably at the time the purported self-incriminating video footage was taken. *Id.* Nevertheless, even assuming the truth of Plaintiff's allegations, Magistrate Judge Stewart correctly determined that the Defendant is entitled to absolute immunity. Defendant's alleged knowledge or state of mind does not negate her entitlement to absolute immunity under these circumstances. *See Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) ("prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive"); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, regardless of motivation).

Moreover, even liberally construed, Plaintiff's allegations do not suggest that Defendant performed any investigative functions in connection with the "gross-coercion self-incrimination." "[P]rosecutors receive only qualified immunity when performing 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Simon v. City of New York*, 727 F.3d 167, 172 (2d Cir. 2013) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "Investigation, arrest, and detention have historically and by precedent been regarded as the work of police, not prosecutors, and they do not become prosecutorial functions merely because a prosecutor has chosen to participate." *Id.* (interior quotation marks and citations omitted); *see Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012) ("'[A]ctions taken as an investigator enjoy only qualified immunity.'") (quoting *Zahrey v. Coffey*, 221 F.3d 342, 346 (2d Cir. 2000)). "Under a functional approach,

actions are not shielded by absolute immunity merely because they are performed by a prosecutor. 'A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity.'" *Giraldo*, 694 F.3d at 166 (quoting *Buckley*, 509 U.S. at 273).  Here, Plaintiff's allegations are specifically tethered to the Defendant's use of objectionable evidence at trial to secure a conviction.  Because the Complaint fails to allege that Defendant functioned in any way that would prevent immunity from attaching, the Complaint is dismissed with prejudice.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation, Dkt. No. 7, is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 8, 2025

Elizabeth C. Coombe
U.S. District Judge

4